This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                                                    **NO. 29,966**

**BOBBY McMULLIN,**

  Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant


### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

  Defendant appeals his felony convictions for eight counts of promoting

prostitution and one count of accepting the earnings of a prostitute. **[RP 136]** Our second notice proposed to affirm. Pursuant to a granted motion for extension of time, Defendant filed a timely motion to amend the docketing statement and memorandum in opposition. We deny Defendant's motion to amend the docketing statement. We further remain unpersuaded by Defendant's arguments, and therefore affirm.

**Motion to amend.**

Defendant seeks to amend the docketing statement to argue that his counsel was ineffective by not objecting to the prosecutor's continued reference to his contract performers as "prostitutes." **[MIO 1, 4, 7]** Defendant asserts that counsel's failure to object reflected a "lack of skill, judgment, or diligence" **[MIO 9]** and was prejudicial because it allowed the prosecutor to draw legal conclusions for the jury. **[MIO 9]**

Counsel is presumed competent. *State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127. To establish a prima facie case of ineffective assistance of counsel, a defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. In the present case, we view counsel's lack of objection as a matter of trial tactics – counsel, for example, may have reasonably determined that any objection would call

attention to the prosecutor's characterization of the performers as 'prostitutes'. **[MIO 9]** *See, e.g.*, *State v. Peters*, 1997-NMCA-084, ¶ 40, 123 N.M. 667, 944 P.2d 896 (holding that whether to object to evidence is a matter of trial tactics and failure to object does not establish ineffective assistance); *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (stating "[o]n appeal, we will not second guess the trial strategy and tactics of the defense counsel" (internal quotation marks and citation omitted)). We accordingly deny Defendant's motion to amend. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (recognizing that issues sought to be presented must be viable).

**Issues (I) and (II):**

Defendant continues to argue that the State engaged in prosecutorial misconduct by failing to provide timely discovery, and that this failure resulted in fundamental error. **[DS 3-4; MIO 4]** We review the district court's discovery ruling for abuse of discretion. *See State v. McDaniel*, 2004-NMCA-022, ¶ 6, 135 N.M. 84, 84 P.3d 701.

The facts provide that three days **[DS 1-2]** prior to the start of the initially scheduled April 15, 2009, jury trial, **[RP 65, 66]** defense counsel requested and received a court order compelling the prosecutor to produce a disk of Defendant's computer data that was seized by authorities pursuant to a search warrant on January 25, 2008. **[DS 2-3]** The disk contained approximately 60,000 pages of computer data,

**[DS 3; MIO 7]** including names and contact information for approximately 3,000 of Defendant's clients. **[DS 2; MIO 3]** Defendant asserts that "[d]ue to the late nature of discovery being made available to the defense, the defense was unable to identify, locate[,] interview witnesses to verify information, or to properly subpoena any potential witnesses to testify in court on defendant's behalf." **[DS 2]**

Defendant's argument is premised on an asserted violation of Rule 5-501 NMRA (setting forth discovery that must be disclosed to the defendant within ten days of arraignment). **[DS 4; MIO 4]** Defendant contends that the data base would have been material to his defense because his counsel could have identified potential witnesses who would have testified on his behalf, namely that they conducted legitimate business with Defendant. **[MIO 4, 6]** The facts provide, however, that the State acknowledged that Defendant earned approximately $100,000 from his legitimate security alarm business, and that the charges against Defendant were premised not on his security alarm business, but on the prostitution business that accounted for in excess of $300,000 in earnings. **[DS 2; MIO 3]** Given this, even assuming that Defendant could have identified and called witnesses to testify that they conducted legitimate business with Defendant, this would not have detracted from evidence supporting the charges. **[DS 2-3; MIO 3, 5]** *See generally State v. McDaniel*, 2004-NMCA-022, ¶ 11, 135 N.M. 084, 135 84 P.3d 701 (stating that, in

4

the context of the late disclosure of information, for evidence to be material there must be a reasonable probability that the outcome of the proceedings would have been different had the information been disclosed earlier).

Moreover, although the jury trial was initially scheduled for April 15, 2009 **[RP 65]**, it was reset to October 13, 2009. **[RP 132]** Given this, defense counsel had ample time to review the data base, and identify and interview any potential witnesses. *See In re Ernesto M.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Nonetheless, because Defendant did not request a continuance, he waived any claim that he was prejudiced by any late disclosure of evidence. *See generally State v. Barraza*, 110 N.M. 45, 48-49, 791 P.2d 799, 802-03 (Ct. App. 1990) (holding that a defendant's failure to seek a continuance undermines the defendant's claim of unfair surprise and may waive a complaint that exculpatory evidence was not timely disclosed). Even if Defendant's failure to request a continuance did not waive his claim of untimely disclosure, there is no basis for concluding that any purportedly late disclosure of evidence amounted to fundamental error. [DS 2] *See State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633 (providing that fundamental error only occurs in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the

accused.").

**Conclusion.**

Based on the foregoing discussion, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**TIMOTHY L. GARCIA, Judge**