2004-NMCA-022

84 P.3d 701

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Doug McDANIEL, Defendant–Appellant.**

**No. 23,030.**

Court of Appeals of New Mexico.

Jan. 5, 2004.

Certiorari Denied, No. 28,455, Feb. 3, 2004.

**86**

Patricia A. Madrid, Attorney General, Katherine Zinn, Assistant Attorney General, Santa Fe, NM, for Appellee.

John Bigelow, Chief Public Defender, Sheila Lewis, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

ROBINSON, Judge.

{1} Following a jury trial in July 2001, Defendant Doug McDaniel was convicted of one count of criminal sexual penetration (CSP) of a child under thirteen years of age, one count of CSP of a minor by a person in authority, one count of attempt to commit CSP of a child under thirteen years of age, six counts of criminal sexual contact (CSC) of a child under thirteen years of age, two counts of CSC of a minor by a person in authority, and one count of contributing to the delinquency of a minor. He was acquitted of three additional counts of CSP of a minor, and the trial court entered a directed verdict on two other charges.

{2} On appeal, Defendant challenges his convictions, arguing that the untimely disclosure of a State's witness led to fundamental error during his trial. Defendant raised additional claims of error in his docketing statement but did not address them in his brief-in-chief. Those issues are abandoned. *State v. Aragon*, 109 N.M. 632, 634, 788 P.2d 932, 934 (Ct.App.1990) ("All issues raised in the docketing statement but not argued in the briefs have been abandoned."). We affirm.

## I. FACTS

{3} In August 2000, the Doña Ana sheriff's department received a referral from the Children, Youth and Families Department (CYFD) regarding the victim. A neighbor of the victim and her family had reported possible sexual abuse of the victim by Defendant. The victim, who was then living with her father and stepmother, was the daughter of Defendant's live-in girlfriend. After an investigation by the sheriff's department, which included a safe house interview with the victim, a grand jury indicted Defendant on the seventeen charges for which he was tried. The charges covered a period of time from 1995 to 2000.

{4} The victim testified at trial about an escalating and continuing pattern of sexual abuse beginning with intimate fondling by Defendant when she was in second grade and culminating in penile penetration when she was in the sixth grade. She also testified about smoking marijuana with Defendant. Defendant and the victim's mother testified on his behalf. During his testimony, Defendant denied the sexual abuse described by the victim. He maintained that he had not treated her any differently than his own children and further stated that he had never smoked marijuana in front of the victim or encouraged her to smoke marijuana. The mother testified that she had never seen anything inappropriate occur between Defendant and the victim. She too denied that Defendant had ever given marijuana to the victim or smoked it in front of her. The neighbor who had called CYFD testified as a rebuttal witness. She described having smoked marijuana with Defendant and the mother on several occasions when the victim and her younger brother had been present and that, on at least one of those occasions, the victim was stoned. The neighbor also testified about conduct by Defendant toward the victim which had concerned her, including two episodes she had seen involving Defendant and the victim sitting on a recliner, and her suspicions about the length of time it took Defendant and the victim to answer the door on occasion.

## II. DISCUSSION

{5} On the morning of trial, Defendant objected to the State's plan to call as its first witness someone who had not been disclosed

on the State's filed witness list. The proposed witness was the neighbor who had called CYFD. Defendant argued that the State had violated Rule 5–501(A)(5) NMRA 2003 when it failed to disclose the neighbor and her address on the witness list. The prosecutor responded that the witness had just been located and interviewed the day before trial and that she had shown Defendant her notes from the interview. Moreover, the prosecutor observed, the neighbor's name, telephone number, and substance of her complaint were all provided in the CYFD report disclosed to Defendant earlier as part of discovery. After additional argument of counsel, the trial court ruled that the prosecutor could not use the witness in the State's case-in-chief but instead permitted the witness to be held in abeyance for possible use as a rebuttal witness, should the need arise. Neither party objected to the trial court's ruling. On appeal, Defendant argues that he was prejudiced by the ruling.

## A. Standard of Review

{6} This Court reviews a trial court's decision with regard to discovery for an abuse of discretion. *State v. Desnoyers,* 2002–NMSC–031, ¶ 25, 132 N.M. 756, 55 P.3d 968. "[R]emedies for violation of discovery rules or orders are discretionary with the trial court." *State v. Wilson,* 2001–NMCA–032, ¶ 39, 130 N.M. 319, 24 P.3d 351. In order to find an abuse of discretion, we must conclude that the decision below was against logic and not justified by reason. *State v. Brown,* 1998–NMSC–037, ¶ 32, 126 N.M. 338, 969 P.2d 313. "Failure to disclose a witness' identity prior to trial in itself is not grounds for reversal. . . . The objecting party must show that he [or she] was prejudiced by such non-disclosure." *State v. Griffin,* 108 N.M. 55, 58, 766 P.2d 315, 318 (Ct.App.1988) (internal citation omitted). The prejudice must be more than speculative. *See In re Ernesto M.,* 1996–NMCA–039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). The admission of rebuttal testimony is also within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *State v. Simonson,* 100 N.M. 297, 302, 669 P.2d 1092, 1097 (1983). Additionally, it is within

the court's discretion to control the order of witnesses, mode of interrogating witnesses, and presentation of evidence. Rule 11–611(A) NMRA 2003.

{7} In addition to his claim regarding discovery, Defendant raises as additional claims of error that his right to effectively confront the rebuttal witness was violated by the late disclosure and that her testimony exceeded the scope of proper rebuttal testimony. Because Defendant failed to object to these alleged errors below, the claims have not been preserved for appeal. *See* Rule 12–216(A) NMRA 2003 (describing preservation requirements for appellate review). In order to preserve an issue for appeal, a party must make a timely objection that specifically apprises the trial court of the claimed error and invokes an intelligent ruling thereon. *State v. Varela,* 1999–NMSC–045, ¶ 25, 128 N.M. 454, 993 P.2d 1280. However, an appellate court may exercise its discretion to review for fundamental error under Rule 12–216(B)(2). The principle of fundamental error is applied to prevent a miscarriage of justice. *State v. Osborne,* 111 N.M. 654, 662, 808 P.2d 624, 632 (1991).

## B. Late Disclosure of Evidence

{8} In considering whether late disclosure of evidence requires reversal, a reviewing court will consider the following factors: "(1) whether the State breached some duty or intentionally deprived the defendant of evidence; (2) whether the improperly non-disclosed evidence was material; (3) whether the non-disclosure of the evidence prejudiced the defendant; and (4) whether the trial court cured the failure to timely disclose the evidence." *State v. Mora,* 1997–NMSC–060, ¶ 43, 124 N.M. 346, 950 P.2d 789.

### 1. The State's Duty to Disclose

{9} Rule 5–501 of the Rules of Criminal Procedure governs discovery disclosure by the State. Rule 5–501(A)(5) requires the State to disclose to a defendant, within ten days after arraignment or the waiver of arraignment, "a written list of the names and addresses of all witnesses which the prosecu-

tor intends to call at the trial, together with any statement made by the witnesses and any record of prior convictions of any such witness which is within the knowledge of the prosecutor[.]" A continuing duty to disclose additional material or witnesses is prescribed by Rule 5–505(A) NMRA 2003 which requires a party who discovers an additional witness to "promptly give written notice to the other party." Failure to comply with discovery requirements is addressed in Rule 5–505(B) which permits the court to order disclosure, grant a continuance, prohibit the calling of an undisclosed witness, introduce in evidence the non-disclosed material, or "enter such other order as it deems appropriate under the circumstances[.]"

{10} Defendant asserts that the State breached its duty to disclose under Rule 5–501(A)(5). In response, the State points out that neither the trial court nor Defendant expressed doubt about the prosecutor's statement that the witness had not been found until the day before trial. Therefore, the State argues, the prosecutor did not violate the continuing duty to disclose or intentionally deprive Defendant of evidence but instead promptly informed Defendant about the witness as soon as the witness was located, as required by Rule 5–505(A). We agree with the State that the prosecutor's actions fall under Rule 5–505(A); the prosecutor did not act to intentionally deprive Defendant of evidence. There was no breach of the duty to disclose.

## 2. Materiality of the Witness's Testimony

{11} The New Mexico Supreme Court has defined the second factor in the following manner: "Whether evidence is material depends on 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome.' " *State v. Allison,* 2000–NMSC–027, ¶ 17, 129 N.M. 566, 11 P.3d 141 (quoting *State v. Fero,* 107 N.M. 369, 371, 758 P.2d 783, 785 (1988)).

{12} As we understand Defendant's argument, he is claiming that the neighbor's testimony was material because it was the only testimony offered in support of the victim's testimony. He contends that the importance of her testimony is also reflected in the jury's written request, which was denied by the trial court, to see a copy of the CYFD report during its deliberations. We are not persuaded by this contention because, in the same request, the jury also asked to see a copy of the report prepared by the investigator for the sheriff's department. As the State points out, the jury's request might well have been prompted by Defendant's closing argument in which he invited the jury to compare the various statements of the witnesses for possible inconsistencies.

{13} More important, this is not the test for materiality. The question to be resolved on appeal is whether the outcome of the trial would have been different if the witness had been disclosed earlier, and Defendant does not indicate how early disclosure would have affected the outcome of his trial. Defendant does not challenge the sufficiency of the evidence that led to his convictions or claim that earlier disclosure would have changed his defense at trial. *Cf. Allison,* 2000–NMSC–027, ¶ 17, 129 N.M. 566, 11 P.3d 141 (concluding that earlier disclosure of the defendant's arrest record would have affected defense counsel's tactical trial decisions). Although Defendant denied sexually abusing victim, it is the fact finder's role "to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay." *See State v. Roybal,* 115 N.M. 27, 30, 846 P.2d 333, 336 (Ct.App.1992). The jury may reject a defendant's account of events. *State v. Salazar,* 1997–NMSC–044, ¶ 44, 123 N.M. 778, 945 P.2d 996. Defendant has not shown a reasonable probability that, had the witness been disclosed earlier, the outcome of the trial would have been different.

## 3. Prejudice to Defendant

{14} The third factor is whether Defendant was prejudiced by the late disclosure of the witness. Defendant contends that he was prejudiced because the late disclosure had the effect of denying him his constitutional right to effectively cross-examine the

witness. Defendant did not raise this claim of error below. *See State v. Lucero,* 104 N.M. 587, 590–91, 725 P.2d 266, 269–70 (Ct. App.1986) (holding that an alleged denial of the right to confrontation may not be raised for the first time on appeal). Moreover, Defendant has not shown how his cross-examination would have been improved by an earlier disclosure or how he would have prepared differently for trial. *See State v. Vallejos,* 2000–NMCA–075, ¶ 35, 129 N.M. 424, 9 P.3d 668. Although he argues that with more notice he would have been able to determine the witness's reputation for honesty, whether she had a criminal record, whether she had made any other CYFD reports, and whether she had committed any non-criminal acts of dishonesty, he does not claim that such evidence exists. The question of whether additional discovery "[might] have benefitted the defense is pure speculation." *Desnoyers,* 2002–NMSC–031, ¶ 25, 132 N.M. 756, 55 P.3d 968 (quoted authority omitted).

{15} A review of the record shows that the jury had sufficient information to assess the credibility of the neighbor and her motive for testifying. During cross-examination, defense counsel repeatedly challenged the neighbor's credibility, cross-examining her in detail about her participation in the illegal drug use and the implausibility and speculative nature of her allegations that the victim or Defendant did not answer the door promptly. Defense counsel also confronted the neighbor about her reason for calling CYFD, pointing out that, at the time the neighbor made the call, the victim had not lived with Defendant for several months and suggesting that the neighbor had been motivated to call CYFD because of a subsequent and ongoing argument with the victim's mother. Moreover, the substance of the neighbor's testimony and her telephone number were contained in the CYFD report and Defendant does not contend that the neighbor's testimony was contrary to the information contained in the report. *See Vallejos,* 2000–NMCA–075, ¶ 35, 129 N.M. 424, 9 P.3d 668 (observing that the defendant had some notice of the proposed testimony); *see also Griffin,* 108 N.M. at 58, 766 P.2d at 318 (concluding that the testimony of the undisclosed witness was ascertainable from the State's exhibits). Defendant has not met his burden of showing that he was prejudiced by the late disclosure of discovery.

### 4. Trial Court's Cure of the Failure to Disclose

{16} The trial court addressed the late disclosure of the witness by prohibiting the prosecutor from presenting the testimony of the neighbor in the State's case-in-chief but allowing the neighbor to be called as a rebuttal witness. On appeal, Defendant acknowledges that the trial court's remedy would have been a reasonable compromise for resolving the issue of late disclosure. However, he contends, the cure was an illusory one because the neighbor's testimony exceeded the scope of proper rebuttal testimony.

{17} Defendant does not challenge the neighbor's testimony regarding marijuana use by Defendant and the mother, recognizing that this testimony constituted proper rebuttal testimony. *See Simonson,* 100 N.M. at 302, 669 P.2d at 1097 (holding that the State was entitled to correct through rebuttal testimony false impressions given to jury by defense); *State v. Smith,* 92 N.M. 533, 540, 591 P.2d 664, 671 (1979) (holding that the State is entitled to call police officer to rebut accused's allegation that police officer had threatened his life). He does contend, however, that the remaining testimony about the victim and Defendant sitting in the recliner and not answering the door exceeded the scope of rebuttal. The State counters that the neighbor's testimony about the recliner episodes was proper rebuttal of the evidence offered during the defense. During their direct testimony, both Defendant and the mother had described Defendant's "snuggling" in the recliner as a normal activity that he engaged in with all the children including the victim. During her rebuttal testimony, the neighbor described two episodes involving Defendant and the victim in the recliner which had concerned her. The State argues that this testimony was a proper response to Defendant's and mother's testimony. We agree. *See Wilson,* 2001–NMCA–032, ¶ 41, 130 N.M. 319, 24 P.3d 351 (observing that the State was entitled to

present evidence rebutting the defense theories). As for the neighbor's testimony about answering the door, Defendant did not object below to this testimony. Moreover, the cross-examination of the neighbor effectively revealed this concern to be essentially a matter of speculation on the witness's part.

## III. CONCLUSION

{18} We hold that there was no abuse of discretion and no prejudice to Defendant in the trial court's admission of the testimony by the rebuttal witness. No fundamental error occurred during the trial. We affirm Defendant's convictions.

{19} **IT IS SO ORDERED.**

WE CONCUR: CELIA FOY CASTILLO and RODERICK T. KENNEDY, Judges.