# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                            **NO.  26,707**

**ROGER ATENCIO**,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Stephen D. Pfeffer, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Turcotte Law Office
Cindy L. Turcotte
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ROBLES, Judge.**

Defendant appeals from his convictions for three counts of criminal sexual penetration, one count of false imprisonment, and one count of battery against a

household member. Defendant asserts that (1) the district court abused its discretion in permitting the prosecutor to ask several defense witnesses whether they knew if the victim had a motive to lie about the incident that gave rise to the charges in this case; (2) the district court abused its discretion in permitting the prosecutor to ask a defense witness if she knew that Defendant had been convicted of a felony; and (3) the district court abused its discretion in denying Defendant's motion for a mistrial after the State introduced testimony of a rebuttal witness who was not a true rebuttal witness and who should have been disclosed to Defendant prior to trial. As we conclude that none of these claims of error warrants reversal, we affirm Defendant's convictions. **I.**

**BACKGROUND**

This case arose out of an incident in which Defendant's fiancée (Victim) accused him of attacking and sexually assaulting her in a hotel room after a party. The party was held by Defendant's employer and, at trial, Defendant called several friends and co-workers, who had attended the party, to testify about the events of that evening. Defendant also testified, and the State called Victim's employer, Anna Sanchez, purportedly to rebut certain statements that Defendant made during his testimony about his visits to Victim's workplace after the incident. Defendant's claims of error all arise from the State's presentation of evidence through these witnesses.

2

## II. DISCUSSION

### A. The Prosecutor's Questions to Defense Witnesses About Whether Victim Had a Motive to Lie

At trial, Defendant called Richard Baldonado, Kathy Salazar, Ruben Corriz, Mitsie Martinez, and Oley Grinage to describe what they observed about Defendant's and Victim's behavior during the party. Defendant asserts that the district court erred in permitting the State to ask these witnesses whether they knew if Victim had a motive to lie about the events that formed the basis of the charges in this case.[1] Defendant's argument on appeal is based on the principle that asking one witness whether another witness is lying is improper. *See State v. Soto*, 2007-NMCA-077, ¶ 15, 142 N.M. 32, 162 P.3d 187 ("[T]his Court [has] established a 'strict prohibition upon asking the defendant if another witness is 'mistaken' or 'lying.'" (citation omitted)). The State argues that Defendant did not preserve this argument. We agree with the State that Defendant failed to preserve the argument he makes on appeal. The State asked Baldonado whether he knew if Victim had a motive to make these accusations against Defendant and whether Victim seemed like the sort of person who would make up such accusations. Defendant objected and stated that he anticipated the State would ask the same question of several other witnesses, stating: "It is pure

---

[1]Although the State asked similar questions of Defendant on cross-examination, he did not object to these questions at trial, and he does not argue on appeal that they warrant reversal.

3

speculation[;] how does he know what her motivation would be[?]" The district court stated that the questions did not call for speculation and indicated that the question was phrased in a manner that did not call for speculation because, if the witnesses did not know of any motive Victim might have, they could simply say so. In cross-examining Salazar, the State asked whether, based on her observations of the interactions between Victim and Defendant on the night of the party, she knew of any reason that Victim would make these accusations if they were not true. The State asked Corriz the same basic question in several different ways. Defendant objected on the ground that the question had been asked and answered. The State asked similar questions of Martinez and Grinage.

We cannot conclude that either of Defendant's objections alerted the district court to the claim of error that he now makes on appeal. His only substantive objection went to the issue of whether the witnesses had personal knowledge of Victim's motives—an objection that would fairly come within Rule 11-602 NMRA—and did not alert the district court to any issue about whether a witness may appropriately comment on the truthfulness of another witness's testimony, or about whether credibility issues should be left to the jury to resolve. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 ("In order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be

made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked." (internal quotation marks and citation omitted)). In Defendant's reply brief, he makes a cursory argument that the admission of this evidence constituted either plain or fundamental error, such that this Court may review the issue even if it was not preserved.

"Under the plain error rule, there must be (1) error, that is (2) plain, and (3) that affects substantial rights." *State v. Hill*, 2008-NMCA-117, ¶ 21, 144 N.M. 775, 192 P.3d 770 (internal quotation marks and citation omitted), *cert. granted*, 2008-NMCERT-008, 145 N.M. 255, 195 P.3d 1267. In this case, we need not decide whether the district court's allowance of the questions actually constituted error, since we conclude that any claimed error did not affect Defendant's substantial rights.

This Court has previously held that plain error is to be used sparingly. *State v. Torres*, 2005-NMCA-070, ¶ 9, 137 N.M. 607, 113 P.3d 877. We apply the rule only in evidentiary matters and "only if we have grave doubts about the validity of the verdict, due to an error that infects the fairness or integrity of the judicial proceeding." *Id.* (internal quotation marks and citation omitted). In determining whether there has been plain error, "we must examine the alleged errors in the context of the testimony as a whole." *State v. Barraza*, 110 N.M. 45, 49, 791 P.2d 799, 803 (Ct. App. 1990).

Even assuming that allowing these questions was error, in looking at the trial as a whole, we cannot conclude that these questions, or the answers to them, create grave doubts about the validity of the verdict. The witnesses simply stated that, based on their observations of Defendant and Victim that night, they did not know of any reason that Victim would have to lie. They also stated that they did not know Victim well enough to have any knowledge of her motives. These questions and answers were a relatively small portion of the State's case against Defendant, and they did not distort the burden of proof by suggesting that Defendant had to prove that Victim was lying. *Cf. Duran*, 2006-NMSC-035, ¶¶ 23-27 (holding that improper questioning about whether other witnesses were lying did not constitute fundamental error where the defendant claimed that they were lying, when the improper questions were a small part of the state's case, and when the questions did not shift the burden of proof to suggest that the defendant was required to prove that the witnesses were lying). Accordingly, we conclude that the asserted evidentiary error does not create "grave doubts about the validity of the verdict." *State v. Dylan J.*, 2009-NMCA-027, ¶ 15, 145 N.M. 719, 204 P.3d 44.

Finally, assuming without deciding that the district court erred in allowing these questions, the ruling did not constitute fundamental error because, for the same

reasons that we conclude that the questions did not cause grave doubts about the validity of the verdict, they did not deprive Defendant of a fair trial. *See id.*

**B.      The Prosecutor's Question About Whether Mitsie Martinez Knew Defendant Had a Prior Felony Conviction**

On cross-examination, the prosecutor elicited testimony that defense witness, Martinez, believed Defendant would not commit the acts of which he was accused. The district court then permitted the prosecutor, over Defendant's objection, to ask Martinez whether she was aware that Defendant had been convicted of a felony. We need not decide whether the district court abused its discretion in permitting this question since, even if the ruling was erroneous, the error was harmless. The prosecutor did not specify what the prior felony was and, later, when Defendant was cross-examined, he admitted both the fact of the prior conviction and that it was for false imprisonment. Defendant does not argue that this evidence should not have been admitted during the cross-examination of Defendant, only that it should not have been admitted during cross-examination of Martinez.

Under New Mexico's standard for non-constitutional harmless error, this Court will not reverse a conviction if there "is no reasonable probability the error affected the verdict." *State v. Barr*, 2009-NMSC-024, ¶ 53, ___ N.M. ___, ___ P.3d ___ (No. 30,191, May 22, 2009). (Emphasis omitted.) Because Defendant stated that he was previously convicted of false imprisonment, there was no reasonable probability that

the question to Martinez about Defendant's prior conviction could have affected the verdict. This evidence was just a brief, general statement about facts that Defendant would later admit and of which Martinez stated that she had no knowledge. *See State v. O'Neal*, 2008-NMCA-022, ¶ 22, 143 N.M. 437, 176 P.3d 1169 (holding that erroneous admission of evidence of a defendant's notice of alibi was harmless when the defendant testified regarding his alibi defense), *cert. denied*, 2008-NMCERT-002, 143 N.M. 665, 180 P.3d 672.

Defendant asserts that the error somehow prejudiced his defense by forcing him to commit to testifying. This argument is without merit. Defendant had already committed to testifying when defense counsel in her opening statement told the jury that Defendant would testify and then provided the jury with a detailed overview about what Defendant would testify. During the bench conference on this issue, the judge asked defense counsel: "Are you saying that somehow my ruling would determine whether or not he testifies at this point?" Defense counsel responded: "No. My client has to testify." Defense counsel later clarified that when she said her client had to testify, she meant that it was a trial strategy. It is clear that Defendant chose to testify because the only witnesses to the actual events were Defendant and Victim, and Defendant thought it necessary to explain to the jury that the sexual activity was consensual, and Victim's injuries were sustained when she accidentally fell in the

shower. The judge's ruling, which was made at the bench, and presumably out of the hearing of the jury, in no way required Defendant to testify.

**C.      The State's Failure to Disclose Anna Sanchez as a Witness Prior to Trial**

Defendant asserts that the district court abused its discretion when it denied Defendant's motion for a mistrial based on the State's failure to timely disclose Sanchez, who testified in rebuttal, but was not a true rebuttal witness. Prior to Sanchez's testimony, Defendant objected, and the district court ruled that Sanchez was a true rebuttal witness, such that the court would allow her to testify. After Sanchez testified, the district court agreed with Defendant that the State should have disclosed her as a witness earlier and instructed the jury that it should not consider Sanchez's testimony for any purpose in its deliberations. The district court denied Defendant's motion for a mistrial.

On appeal, Defendant does not argue that the substance of Sanchez's testimony was inadmissible and argues only that the fact of the late disclosure of the witness warrants a mistrial. In order to determine whether the late disclosure of evidence requires reversal,

> a reviewing court will consider the following factors: (1) whether the State breached some duty or intentionally deprived the defendant of evidence; (2) whether the improperly non-disclosed evidence was material; (3) whether the non-disclosure of the evidence prejudiced the defendant; and (4) whether the trial court cured the failure to timely disclose the evidence.

9

*State v. McDaniel*, 2004-NMCA-022, ¶ 8, 135 N.M. 84, 84 P.3d 701 (internal quotation marks and citation omitted).

As to the first factor in this case, the district court seemed to conclude that the State purposefully breached a duty to disclose the witness to Defendant. In evaluating the second factor, evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* ¶ 11 (internal quotation marks and citation omitted). Defendant's brief does not explain how he believes that the result of the proceeding would have been different if the evidence had been disclosed earlier, and we have no reason to independently conclude that it would have been. As to the third factor, non-disclosure of evidence is only prejudicial if Defendant's case "would have been improved by an earlier disclosure or [if Defendant] would have prepared differently for trial." *Id.* ¶ 14. Defendant does not explain how he was prejudiced, other than to say that the late disclosure "eliminated [his] ability to effectively cross-examine the [S]tate's witnesses . . . and prejudiced [his] presentation of his defense overall." At trial, Defendant only asked Sanchez questions about the date on which she received her subpoena for trial and what she discussed with the prosecutor prior to trial. While we can perhaps assume that Defendant would not have asked these questions if the witness had been disclosed earlier, he does not explain what he would have cross-examined Sanchez

10

about had she been timely disclosed and how this would have improved his case. Therefore, we have no basis on which to conclude that Defendant was prejudiced. As for the final factor, the district court instructed the jury that it should not consider the witness's testimony. "The overwhelming New Mexico case law states that the prompt sustaining of the objection and an admonition to disregard the answer cures any prejudicial effect of inadmissible testimony." *State v. Simonson*, 100 N.M. 297, 301, 669 P.2d 1092, 1096 (1983). The curative action taken here, balanced against the circumstances, was sufficient. Therefore, under these factors, Defendant has not demonstrated that reversal is warranted based on the late disclosure of this witness. Any prejudice to Defendant from Sanchez's testimony really came from the substance of her testimony, not from the fact that she was not timely disclosed. Accordingly, reversal on the basis of untimely disclosure is not warranted.

**D.      Cumulative Error**

In his reply brief, Defendant titles his argument as a challenge to the sufficiency of the evidence. The body of the argument, however, is directed to the admission of evidence of Defendant's prior conviction and the testimony of Anna Sanchez—issues already addressed in this opinion. Because Defendant does not develop an argument related to the evidence supporting the verdict, despite the heading to the contrary, we decline to address this issue. *See State v. Torres*, 2005-NMCA-070, ¶ 34, 137 N.M.

11

607, 113 P.3d 877 (stating that we will not address issues unsupported by argument and authority).

We also note that while Defendant's brief-in-chief mentions a claim of cumulative error in the introduction, he does not list this claim among the three claims of error raised on appeal in his table of contents and does not mention it again anywhere in the brief-in-chief or reply brief. Neither does he cite any authority that would support this claim. We will not address this argument as Defendant failed to develop it. *See Torres*, 2005-NMCA-070, ¶ 34 (stating that an appellate court will not address issues unsupported by argument and authority).

## III.    CONCLUSION

As Defendant has not demonstrated that any of his claims of error warrant reversal on appeal, we affirm his convictions.

**IT IS SO ORDERED.**

_____

**ROBERT E. ROBLES, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**CELIA FOY CASTILLO, Judge**