This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                        **No. 29,486**

**CODY EAST,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**John W. Pope, District Judge**

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant Cody East appeals his convictions of three counts of child abuse (endangerment) under NMSA 1978, Section 30-6-1 (2005) (amended 2009), and one count of battery under NMSA 1978, Section 30-3-4 (1963).

Defendant and his brother picked up and drove five young women ranging in age from thirteen to nineteen to their family's home. Defendant's child abuse convictions involved Sarah M., Eva R., and Rachel P., and his petty misdemeanor battery conviction involved Sarah M. Defendant and most of the young women had consumed what appears to be a significant amount of alcohol, and Defendant "took some pills." Defendant physically damaged property, committed battery on several individuals, and at one point was seen holding a kitchen knife.

Defendant's appellate points are (1) the district court abused its discretion and denied Defendant due process in admitting several items in evidence that were not timely disclosed to Defendant, and (2) the district court erred in refusing to suppress statements made by Defendant to police officers who advised him of his rights while he was wounded, bleeding, intoxicated, and suicidal because the statements were not the product of a knowing, voluntary, and intelligent waiver of his rights.

**The Untimely Disclosure Issue**

Defendant complains of failures of the State to timely disclose several different documents, including witness statements, medical-related documents, and

photographs. Defendant also complains that his counsel was not able to interview a police officer and a neighbor. *See State v. Mora*, 1997-NMSC-060, ¶ 43, 124 N.M. 346, 950 P.2d 789 (setting out what a court is to consider on the issue of late disclosure of evidence), *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683. We review the admission of evidence involving alleged discovery violations for abuse of discretion. *State v. Desnoyers*, 2002-NMSC-031, ¶ 25, 132 N.M. 756, 55 P.3d 968, *abrogated on other grounds by State v. Forbes*, 2005-NMSC-027, 138 N.M. 264, 119 P.3d 144; *State v. Jackson*, 2004-NMCA-057, ¶ 10, 135 N.M. 689, 92 P.3d 1263; *State v. Wilson*, 2001-NMCA-032, ¶ 39, 130 N.M. 319, 24 P.3d 351, *abrogated on other grounds by State v. Montoya*, 2005-NMCA-078, 137 N.M. 713, 114 P.3d 393.

We have reviewed the arguments. We see no need to detail them or the evidence and circumstances. We hold that there exists no basis on which to rule that the district court abused its discretion. We see no violation of Rules 5-501 or 5-505 NMRA relating to disclosure by the State, because the circumstances neither reflect any material breach of any duty by the prosecutor, nor any intentional deprivation of evidence. Further, Defendant fails to show how any evidence or circumstance was material such that there existed a reasonable probability that the outcome of the trial would have been different had the evidence been disclosed or obtained earlier. *See*

*State v. McDaniel*, 2004-NMCA-022, ¶ 14, 135 N.M. 84, 84 P.3d 701 (holding that the defendant failed to show "how his cross-examination would have been improved by an earlier disclosure or how he would have prepared differently for trial"). Moreover, Defendant did not specifically show how he was prejudiced by any late disclosure. *See State v. Rojo*, 1999-NMSC-001, ¶ 61, 126 N.M. 438, 971 P.2d 829 (refusing to hold that the prosecution's delay in disclosing evidence required reversal in the absence of a showing of prejudice from the non-disclosure); *see also McDaniel*, 2004-NMCA-022, ¶ 6 ("The prejudice must be more than speculative."). We note that the court made curative rulings with regard to some of the discovery issues.

**The Suppression Issue**

Defendant claims that statements he made to law enforcement officers at the scene were involuntary because he was in no condition to understand he was waiving his constitutional rights; he was wounded, bleeding, and intoxicated, and he had suicidal thoughts. We determine whether the law was correctly applied to the facts, we view the facts in the light most favorable to support the decision reached, and we resolve all conflicts and indulge all inferences in favor of the decision. *See State v. Vargas*, 1996-NMCA-016, ¶ 8, 121 N.M. 316, 910 P.2d 950.

We reject the claims. Defendant's motion to suppress was untimely, having been made on the eve of trial. *See* Rules 5-212(C) and 5-601(D) NMRA. On the

4

merits, the evidence reflects that Defendant initiated the encounter by approaching the officer and wanting to speak to the officer to tell his side. Nothing in the record requires a determination that, based on how Defendant described his physical and mental conditions, along with the circumstances surrounding the making of the statements, the district court's discretion compelled suppression of the statements. The district court was not required to conclude from Defendant's description of his condition that his waiver of rights was not a product of a free and deliberate choice. There exists no evidence of intimidation, coercion, or deception. *See State v. Martinez*, 1999-NMSC-018, ¶ 14, 127 N.M. 207, 979 P.2d 718 (stating the prosecution's burden is to demonstrate that the waiver was a product of a free and deliberate choice rather than intimidation, coercion, or deception and that the waiver was made with a full awareness of the nature of the right and the consequences of abandoning the right). The evidence reflects that Defendant understood the exchanges, was cognizant of the circumstances, and engaged in coherent conversation. Defendant did not proffer evidence to the contrary.

**CONCLUSION**

We affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**