This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 32,503**

**ROBERT B. MCCULLOCH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Rodey, Dickason, Sloan, Akin & Robb, P.A.
R. Nelson Franse
Jennifer Stone
Kevin Banville
Tara Edgmon
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}      Defendant appeals from the district court's reversal of a Metropolitan Court (metro court) order dismissing the underlying criminal proceedings. We previously issued a notice of proposed summary disposition, proposing to uphold the district court's determination. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

{2}      As an initial matter, we acknowledge Defendant's request for leave to amend the docketing statement as necessary. [MIO 1-3]  However, we do not believe the memorandum in opposition diverges from the docketing statement to a sufficient degree to require amendment. Accordingly, Defendant's request in this regard is denied.

{3}      Because we described the pertinent background and relevant authorities at length in the notice of proposed summary disposition, we will not reiterate here. Instead, we will focus our discussion primarily on the content of Defendant's memorandum in opposition.

{4}      With respect to the State's discovery violations, in order to support dismissal or other sanctions, Defendant bore the burden of demonstrating both materiality and prejudice. *State v. McDaniel*, 2004-NMCA-022, ¶ 8, 135 N.M. 84, 84 P.3d 701. In this context, materiality is established by demonstrating that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the

proceeding would have been different." *Id.* ¶ 11 (internal quotation marks and citation omitted). Prejudice is established by demonstrating either that the defense's case "would have been improved by an earlier disclosure," or by showing how the defense "would have prepared differently for trial." *Id.* ¶ 14.

{5}     Below, Defendant presented nothing in satisfaction of either of these requirements. Moreover, the record contains nothing that would have permitted the metro court to independently determine whether the result of the proceedings would have been different, or how earlier disclosure would have improved the defense's case or caused the defense to prepare differently for trial. By all appearances, the metro court simply decided that the State's disregard for its discovery obligations warranted dismissal, without evaluating the relevant factors. [RP 3] However, as we previously observed, the State's failure to strictly comply with its discovery obligations does not alone supply an adequate basis for dismissal. *See State v. Jackson*, 2004-NMCA-057, ¶ 10, 135 N.M. 689, 92 P.3d 1263 ("A showing of noncompliance [with discovery obligations] is insufficient to entitle a defendant to dismissal or other sanctions[.]"). As a result, the metro court's action constitutes an abuse of discretion. *See generally Aragon v. Brown*, 2003-NMCA-126, ¶ 9, 134 N.M. 459, 78 P.3d 913. ("[T]he trial court abuses discretion when it applies an incorrect standard . . . or its discretionary decision is premised on a misapprehension of the law." ).

3

{6}     In his memorandum in opposition, Defendant contends that both the materiality of the evidence in question and the prejudice occasioned by the State's failure to timely disclose are self-evident, such that the extreme sanction of dismissal was warranted. [MIO 9-13]  We disagree.

{7}     The evidence in question consisted of a number of police reports.  As previously noted, the actual reports do not appear to have been presented for the metro court's consideration, and they are not within the record before this Court on appeal.  As a result, we have no information about their actual contents.  Under these circumstances, any characterization of the reports as material would be wholly speculative.  While Defendant suggests that they might contain exculpatory evidence or evidence that could be used for impeachment, [MIO 10] it is also possible that they contain nothing of utility to the defense.   They may contain no substantive information, or they could be entirely cumulative of other police reports that were timely and properly produced in the course of discovery.  Relative to prejudice, Defendant's suggestions that timely disclosure of the reports may have had an impact on his assessment of the State's plea offer, [MIO 10] and that additional interviews might have yielded something of value, [MIO 10] are also entirely conjectural.  The severe sanction of dismissal cannot be premised on such speculation. *See generally McDaniel*, 2004-NMCA-022, ¶ 6 ("[P]rejudice must be more than speculative.").

4

**{8}**    Alternatively, we understand Defendant to suggest that prejudice is manifest, because the evidence was withheld altogether by the State, [MIO 5-7, 11-13] *see State v. Harper*, 2011-NMSC-044, ¶ 20, 150 N.M. 745, 266 P.3d 25 (observing that the potential for prejudice is "manifest" when material evidence is withheld altogether), and to take the position that the gravity of the State's misconduct is such that prejudice should be presumed. [MIO 12-13] However, insofar as the evidence was in fact provided by personnel at the evidence room to the defense prior to the commencement of trial, [DS 5-6; MIO 7, 11] we question Defendant's repeated assertions that this is a case of non-disclosure, as opposed to one of delayed disclosure.  In any event, even if we were to entertain Defendant's characterization of the State's conduct, it does nothing to address the substantive deficiency relative to materiality.  As a result, we remain unpersuaded that the metro court's election to dismiss the proceedings can be sustained.

**{9}**    Finally, we acknowledge Defendant's arguments relative to bad faith. [MIO 3, 14]   However, absent of a showing of materiality and prejudice, the district court's reversal of the metro court's order of dismissal was nonetheless warranted.  We will therefore avoid unnecessary additional discussion of this issue beyond that contained within our notice of proposed disposition. *See generally  Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("A reviewing court generally does not decide academic or moot questions.").

**{10}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm the district court.

**{11}** **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**J. MILES HANISEE, Judge**