This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 35,480**

**STEVEN JOHNSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant appeals his convictions on two counts of first degree criminal sexual penetration (child under 13) and four counts of criminal sexual contact of a minor (child under 13). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2}     Defendant continues to argue that the district court should have excluded a chart that was used by the State to impeach Defendant's polygraph expert, because the chart had not been disclosed to Defendant. We review a district court's decision with regard to discovery for abuse of discretion. *See State v. McDaniel*, 2004-NMCA-022, ¶ 6, 135 N.M. 84, 84 P.3d 701. In determining whether late disclosure of evidence requires reversal, we consider the following factors: "(1) whether the [s]tate breached some duty or intentionally deprived the defendant of evidence; (2) whether the improperly non-disclosed evidence was material; (3) whether non-disclosure of the evidence prejudiced the defendant; and (4) whether the [district] court cured the failure to timely disclose the evidence." Id. ¶ 8 (internal quotation marks and citation omitted).

{3}     Defendant presented the testimony of a defense polygraph expert, who concluded that Defendant was not being deceptive when he denied engaging in sexual conduct with the victim. [MIO 3] On cross-examination, the State attempted to impeach the expert with a chart that the expert had made in an unrelated case. [MIO

2

3-4] The district court allowed the State to use the chart over the objection of Defendant, who argued that it was not disclosed to him. [MIO 4]

{4}    We agree with Defendant that the fact that the chart was used for impeachment purposes does not exclude it from the duty to disclose; the test is whether the State intended to use the chart. *See State v. Allison*, 2000-NMSC-027, ¶ 12, 129 N.M. 566, 11 P.3d 141 (requiring disclosure of document that the State intended to use for impeachment purposes); Rule 5-501(A)(3) NMRA (requiring disclosure of documents and related tangible items intended to be used at trial). Defendant argues that this case is similar to the non-disclosure that occurred in *Allison*, in that the use of the chart from the other case undermined his trial strategy. [MIO 6-8] In *Allison*, the State failed to disclose a prior arrest that it intended to use for impeachment purposes; our Supreme Court determined that the failure prejudiced the defendant because "defense counsel was attempting to portray [the d]efendant as an individual without any criminal record, and had counsel been aware of Defendant's arrest, he may have altered his strategy." *Id.* ¶ 18.

{5}    In the present case, Defendant's expert testified that he employed generally accepted measurements in conducting the polygraph test of Defendant. [MIO 3] One of these indicators measured physiological movement, and the expert testified that Defendant's test did not record movement, which could have been due to the fact that

Defendant remained still during the test. [MIO 3-4] The undisclosed chart presented by the State was from one of the expert's other cases and recorded movement by that defendant. [MIO 4] Unlike *Allison*, which directly undermined the defense trial strategy, the fact that the State used someone else's results, which indicated untruthfulness, was just as likely to be construed by the jury as an indication that Defendant was telling the truth in this case. As such, we conclude that any prejudice in this case was too speculative to require reversal under our standard of review. *See State v. Rojo*, 1999-NMSC-001, ¶ 61, 126 N.M. 438, 971 P.2d 829 (refusing to hold that the prosecution's delay in disclosing evidence required reversal in the absence of a showing of prejudice from the non-disclosure); *see also State v. McDaniel*, 2004-NMCA-022, ¶ 6, 135 N.M. 84, 84 P.3d 701 ("The prejudice must be more than speculative.").

{6}     For the foregoing reasons, we affirm.

{7}     **IT IS SO ORDERED.**


                                                    _____
                                                    **JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**

4

_____
**J. MILES HANISEE, Judge**