This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41968**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ROGER JONATHAN JOSEPH SISNEROS**
**a/k/a JONATHAN SISNEROS**
**a/k/a JONATHAN R. SISNEROS**
**a/k/a ROGER SISNEROS**
**a/k/a ROGER JONATHAN SISNEROS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Courtney Weaks, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002,

effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from his convictions for assault against a household member, criminal damage to property (under $1,000), and third-degree child abuse. [RP 161-65] Defendant first argues that his right to due process was violated when he was not provided discovery pursuant to Rule 5-501(A) NMRA. [BIC 1] "This Court reviews a trial court's decision with regard to discovery for an abuse of discretion." *State v. McDaniel*, 2004-NMCA-022, ¶ 6, 135 N.M. 84, 84 P.3d 701. An abuse of discretion occurs when "the decision below was against logic and not justified by reason." *Id.*

**{3}** Defendant argues that the State violated Rule 5-501(A) by failing to "personally deliver discovery to him" within ten days after he was arraigned. [BIC 1, 9] Defendant asserts that his trial counsel neither raised any discovery issues below nor claimed that the State failed to comply with Rule 5-501. [BIC 9] Defendant's trial counsel apparently offered Defendant copies of police reports, but "[i]t is unclear what other discovery was in counsel's possession and what attempts were made to provide access to" Defendant. [Id.] As such, we do not interpret Defendant's argument to be that his counsel did not receive discovery required to be produced by Rule 5-501(A).

**{4}** Our Rules of Criminal Procedure require service on a party's attorney. Rule 5-103(B) NMRA provides in part that "[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court." Defendant does not assert that the district court ordered the State to serve discovery on him personally. Consequently, we conclude the district court did not abuse its discretion.

**{5}** Next, Defendant argues that the State violated his right to a speedy trial. [BIC 1] However, Defendant acknowledges that he "did not raise a speedy trial argument below and thus the district court did not conduct a *Barker* analysis." [BIC 10] "If a defendant does not raise a constitutional speedy trial issue before the district court, there is nothing for an appellate court to review." *State v. Collier*, 2013-NMSC-015, ¶ 41, 301 P.3d 370; *see State v. Lopez*, 2008-NMCA-002, ¶ 25, 143 N.M. 274, 175 P.3d 942 ("It is well-settled law that in order to preserve a speedy trial argument, [the defendant] must properly raise it in the lower court and invoke a ruling."); *State v. Rojo*, 1999-NMSC-001, ¶ 52, 126 N.M. 438, 971 P.2d 829 (holding that a motion to protect speedy trial rights requires the weighing of factors that are factually based and fact-finding is a function of the district court). Therefore, we decline to consider Defendant's speedy trial claim.

**{6}** Accordingly, we affirm Defendant's convictions.

**{7}** **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**