This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41030**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**JESSICA MORALES,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jarod K. Hofacket, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Tyler Sciara, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Offender
Kimberly Chavez Cook, Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant Jessica Morales appeals the revocation of her probation. Defendant argues screenshots of Facebook messages should not have been admitted at her probation revocation hearing and sufficient evidence does not exist to establish that she violated her probation. We affirm.

### BACKGROUND

**{2}** Defendant was charged with aggravated battery with a deadly weapon, criminal damage to property over $1,000, and resisting an officer after allegedly striking her car into another car driven by Victim—Victim was then in a relationship with Defendant's former partner.[1] Following an initial hearing, Defendant was alleged to have violated conditions of release set by the court when she made threats against Victim. Based on this contact in violation of the the no contact order, the district court ordered that Defendant be held in custody pending a hearing on the motion to revoke conditions of release. Defendant eventually pleaded guilty to aggravated battery with a deadly weapon and was sentenced on December 19, 2022. Defendant was released on probation and ordered to have no contact with Victim with "zero tolerance of any violations."

**{3}** The following day, the State filed a petition to revoke probation based on allegations that Victim received taunting messages from Defendant shortly after midnight the night before. At the probation revocation hearing, Victim testified that Defendant sent Victim Facebook messages early in the morning of December 20, 2022. The State moved to enter four exhibits that were purportedly messages from Defendant to Victim. The district court admitted the exhibits over Defendant's objections. Defendant testified and denied sending the messages.

**{4}** After the hearing, the district court found the State proved Defendant violated the terms of her probation by contacting Victim and revoked Defendant's probation. Defendant appeals the revocation of her probation.

## DISCUSSION

### I. The District Court Did Not Err by Admitting the Text Messages

**{5}** Defendant argues it was an error for the district court to admit the text messages that purport to demonstrate Defendant contacting Victim. Although the Rules of Evidence generally do not apply in adult probation revocation proceedings, Rule 11-1101(D)(3)(d) NMRA, we review a district court's admission of evidence at a probation revocation hearing for an abuse of discretion. *See State v. Neal*, 2007-NMCA-086, ¶ 36, 142 N.M. 487, 167 P.3d 935 (reviewing the admission of evidence at a probation revocation hearing for an abuse of discretion). An abuse of discretion occurs when "the decision below was against logic and not justified by reason." *State v. McDaniel*, 2004-NMCA-022, ¶ 6, 135 N.M. 84, 84 P.3d 701.

**{6}** The exhibits at issue are four purported screenshots from Victim's Facebook account. Exhibit 1 is a black and white image that includes messages between "Jessica" and Victim with the phone time of "12:44" and the phone battery at 8 percent. Jessica's profile picture is a close-up photo of a woman with her head tilted to the side. A message at "12:22 AM" from Jessica states:

---

1The record is unclear if the former partner was Defendant's ex-husband or husband.

I told you fuckn bitch ricky was gonna come back to me haha you ugly ass hoe and report my ass idgaf I know my man will be there for me I fuckn told you he would come back as soon as I snap my fingers hahahah you ugly ass old bitch now you go cry cuz it's over for you [three laughing emojis]

The next message from Jessica states, "Hahah" and shows that it was sent at "12:35 AM." The next message from Victim—without a timestamp—states, "Good for you leave me alone then you got what you wanted." A message from Facebook then states, "You can now message and call each other and see info like Active Status and when you've read messages." And finally, another message from Jessica states, "Hahah I'll be having Christmas with my kids and my husband what about you?? Alone you thought that putting me in jail was gonna make me leave you alone you stupid ass old bitch look at you know.. I'll see you around hoe." Victim explained these were messages from Defendant and that she had received messages from Defendant from this profile in the past.

**{7}** Exhibit 2 is a color screenshot taken at "3:46" with 97 percent battery. Under a copy of the final message from Jessica in Exhibit 1, Exhibit 2 contains a box that contains information that includes a date and time—"Tue, Dec 20, 2022" and "12:44 AM." It has a text box that says "Search inside this photo" above what looks to be a miniaturized and color version of Exhibit 1. Finally, it has a section that states, "Details" with the name of the final as "Screenshot_20221220-004437_Messenger.jpg." Victim explained it was a screenshot that demonstrated what time the messages in Exhibit 1 were sent. Victim also testified that it is a screenshot of the messages she received the night she was sent the messages in Exhibit 1.

**{8}** Exhibit 3 is another color screenshot taken at "12:44" with 8 percent battery. The image includes a list of chats from seven people. The top most chat is from "Jessica Morales" at "12:43 AM" and states, "Hahah I'll be having Christmas…" before the message gets cut off. Victim explained it was a screenshot of the messages she received the night the messages in Exhibit 1 were sent.

**{9}** The final exhibit is a blurry black and white screenshot at "11:09" with 26 percent battery. The messages are from "Jessica Morales" on Facebook. Jessica Morales's profile picture in this exhibit is blurred but the person it depicts is front facing and the head is not tilted, in contrast to the picture in Exhibit 1. The messages start at "10:57 PM" and the first message from Jessica Morales states, "Tell Ricky to call me you stupid bitch." Then there is a missed call from Jessica Morales at "10:58 PM." Under that are three other messages that state, "Dumb bitch," "I hope you know the reason he still has the trailer the way it is because he wants me back stupid bitch," and "[two laughing emojis]scared ass hoe." Victim explained that these messages were some Defendant had previously sent Victim through Facebook.

**{10}** At issue is whether the December 2022 messages described above were sufficiently authenticated to establish that it was Defendant who sent them. "Rule 11-

901(B) [NMRA] provides a non[]exhaustive list of examples of evidence that satisfy the authentication requirement." *Salehpoor v. N.M. Inst. of Mining & Tech.*, 2019-NMCA-046, ¶ 27, 447 P.3d 1169. For instance, evidence may be authenticated by a witness with knowledge "that an item is what it is claimed to be." Rule 11-901(B)(1). The authentication of evidence may also be "based on distinctive characteristics [such as] appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." *Salehpoor*, 2019-NMCA-046, ¶ 27 (internal quotation marks and citation omitted).

**{11}** The exhibits taken together demonstrate that Exhibit 1 was a timely screenshot of messages from Defendant to Victim. The indicia of the authenticity of the messages include the name and profile picture, the contents of the messages referencing Defendant's recent release from prison, and testimony from Victim who received the messages explaining that Exhibits 1, 2, and 3 together show the timing of the messages. *See State v. Jesenya O.*, 2022-NMSC-014, ¶ 24, 514 P.3d 445 (concluding evidence of the presence of a name and profile photo, testimony from the person who received the messages, and context clues as to the authorship were sufficient to authenticate screenshots of Facebook messages). This evidence was sufficient to support the district court's determination that Defendant authored the messages and that the exhibits displaying the messages were what the State claimed them to be. *See* Rule 11-901(A) (providing that the authentication requirement is satisfied if the proponent "produce[s] evidence sufficient to support a finding that the item is what the proponent claims it is").

**{12}** Defendant argues that Exhibit 1 does not include the date and that the State did not provide more specific evidence about the messages, and the evidence does not support this decision to authenticate and admit the exhibits. Though there may be conflicting evidence, "a proponent of evidence need not demonstrate authorship conclusively to satisfy the authentication requirement." *Jesenya O.*, 2022-NMSC-014, ¶ 28. The district court's decision to authenticate the documents was not clearly against the logic and effect of the facts and circumstances of the case. *See State v. Otto*, 2007-NMSC-012, ¶ 9, 141 N.M. 443, 157 P.3d 8 ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." (internal quotation marks and citation omitted)).

**{13}** Defendant claims that admitting the evidence was a violation of her due process rights. She relies on *State v. Guthrie*, 2011-NMSC-014, ¶¶ 12, 40, 41, 150 N.M. 84, 257 P.3d 904, which established a framework to assess confrontation clause violations that arise under the Fourteenth Amendment in probation revocation proceedings. Defendant does not explain how evidence that was properly admitted under our Rules of Evidence could violate her due process rights. As such, we decline to address Defendant's argument. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 (explaining that where a party fails to cite any authority in support of an issue, appellate courts will not consider the issue); *State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (noting that appellate courts have no obligation to review unclear or undeveloped arguments).

## II. The Evidence Was Sufficient to Establish Defendant Violated the Terms of Her Probation

**{14}** Defendant argues that there was insufficient evidence for the district court to conclude that she violated the terms of her probation. This Court reviews "a district court's revocation of a defendant's probation for an abuse of discretion." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. At the hearing, the State must show that the probation violation occurred with a "reasonable certainty." *Id.* "[T]he [s]tate must introduce evidence that a reasonable and impartial mind would be inclined to conclude that the defendant has violated the terms of probation." *Id.*

**{15}** The evidence reasonably demonstrates that Defendant messaged Victim from her Facebook account on December 20, 2022, after midnight the day after she was ordered to have no contact with Victim as a term of her probation. We determined above that a reasonable fact-finder could determine that the screenshots of the Facebook messages were authentic. It was the province of the district court to assess the credibility of the witnesses and the competing testimony, including Defendant's denial of sending the messages. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). Thus, the evidence is sufficient.

## CONCLUSION

**{16}** We affirm.

**{17} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**