This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                     **NO. 31,220**

**ABEL RAMIREZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

    Ramirez appeals his conviction for aggravated battery. In this Court's notice

of proposed summary disposition, we proposed to affirm. Ramirez has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Ramirez's arguments, we affirm.

**Prosecutorial Misconduct in Closing Argument**

Ramirez contends that the prosecutor committed misconduct in closing argument by misstating the burden of proof. [DS 11, 13; MIO 5-8] In our notice of proposed summary disposition, we proposed to conclude that the prosecutor's single comment did not warrant reversal. *See State v. Allen*, 2000-NMSC-002, ¶ 95, 128 N.M. 482, 994 P.2d 728 (stating that a single, isolated incident of prosecutorial misconduct is not reversible error). We also proposed to hold that reversal was not warranted because the jury instructions stated the proper burden of proof [RP 72-73], and because Ramirez's closing argument also explained the appropriate burden. *See State v. Armendarez*, 113 N.M. 335, 338, 825 P.2d 1245, 1248 (1992) (holding that a prosecutor's misstatement of the law in closing argument did not warrant reversal where the jury instructions contained a correct statement of the law). Ramirez's memorandum in opposition urges us to conclude otherwise [MIO 5-8], but he provides no persuasive argument that the single comment, which was not objected to at trial, constituted fundamental error where the jury instructions were correct. *See Allen*, 2000-NMSC-002, ¶ 95 (stating that "[p]rosecutorial misconduct rises to the level of

2

fundamental error when it is so egregious and had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial" (internal quotation marks and citation omitted)).

**Evidence of Ramirez's Statement to a Detective**

Ramirez contends that the district court erred in admitting evidence of a statement he made to a detective. [DS 11; MIO 8-9] In our notice of proposed summary disposition, we proposed to hold that he had failed to demonstrate error on this basis. In Ramirez's memorandum in opposition, he asserts that the admission of this evidence violated Rule 11-408 NMRA, which prohibits the admission into evidence of statements made in settlement negotiations. [MIO 8] However, Ramirez provides no authority to suggest that Ramirez's statement that he would be willing to work for the drug task force if the detective would arrange for his charge to be dismissed is the sort of offer to "compromise" intended under the rule, or that a criminal charge is a "claim" as that term is used in Rule 11-408. Since Ramirez cites no authority to support this argument, we presume that there is none. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). Furthermore, in *State v. Anderson*, 116 N.M. 599, 601, 866 P.2d 327, 329 (1993), our Supreme Court stated that a defendant's statements to officers during an investigation should not be excluded under Rule 11-410 NMRA regarding the inadmissibility of plea

3

negotiations, and that the admissibility of such statements should be subject only to standards of voluntariness and relevance. We conclude that the same rationale applies here, and that Rule 11-408 did not bar the admission of Ramirez's statements.

**Fundamental Error in the Admission of Evidence of a Prior Bad Act**

Ramirez asserts that fundamental error occurred at trial when the district court permitted the victim to testify that the fight with Ramirez began when the victim told Ramirez that he disapproved of Ramirez's recent act of domestic violence. [DS 11, 13; MIO 10] In our notice of proposed summary disposition, we proposed to hold that Ramirez had failed to demonstrate error on this basis. Evidence of prior bad acts is admissible if relevant to prove some other issue legitimately in dispute, *State v. Jones*, 120 N.M. 185, 187, 899 P.2d 1139, 1141 (Ct. App. 1995), and here, there was a dispute about whether Ramirez's act of battery was self-defense. Ramirez responds that, although he did not object at trial to the evidence, fundamental error occurred because the evidence was inadmissible pursuant to Rule 11-404(B) NMRA and its admission deprived him of a fair trial. [MIO 10-11]

The admission of this evidence was not fundamental error. The evidence that the fight began after the victim made this statement to Ramirez was relevant to show that Ramirez was the aggressor in the physical confrontation, and that his attack was motivated by his anger at the victim's statement. *See State v. Niewiadowski*, 120 N.M.

361, 364, 901 P.2d 779, 782 (Ct. App. 1995) (stating that evidence of a prior altercation between the defendant and the victims was relevant to the defendant's claim of self-defense because the self-defense claim presented the jury with the duty to determine whether the defendant shot at the victims because they were aggressors or because of his own private motive based on his animosity toward the victims due to the prior incident).

**Motion for a Mistrial Based on the Late Disclosure of Evidence**

Pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), Ramirez contends that the district court should have granted a mistrial when the State disclosed evidence twenty-three days before trial, because this gave his counsel insufficient time to prepare, thus rendering his counsel ineffective. [DS 11, 12; MIO 12-13] In our notice of proposed summary disposition, we proposed to hold that the district court did not abuse its discretion in refusing to grant a mistrial, as we proposed to hold that Ramirez had not demonstrated reversible error under the four-part framework set out in *State v. Mora*, 1997-NMSC-060, ¶ 43, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683.

Ramirez responds that there is some possibility that he was prejudiced by the late disclosure, but that he is uncertain. [MIO 13] This assertion of the possibility of

5

prejudice is not the kind of showing of prejudice that warrants reversal on appeal. *See State v. Rojo*, 1999-NMSC-001, ¶ 61, 126 N.M. 438, 971 P.2d 829 (refusing to hold that the prosecution's failure to disclose evidence required reversal in the absence of a showing of prejudice from the late disclosure); *State v. McDaniel*, 2004-NMCA-022, ¶ 14, 135 N.M. 84, 84 P.3d 701 (holding that the defendant failed to show prejudice when he did not demonstrate "how his cross-examination would have been improved by an earlier disclosure or how he would have prepared differently for trial").

**Sufficiency of the Evidence**

Ramirez contends that there was insufficient evidence to support his conviction of aggravated battery with a deadly weapon. [DS 12; MIO 14-15] We proposed to hold that, viewing the evidence in the light most favorable to the verdict, there was sufficient evidence from which a reasonable juror could have found the essential elements of the crime beyond a reasonable doubt. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (setting out the appropriate standard of appellate review). In Ramirez's memorandum in opposition, he asserts that no reasonable jury could have determined that he did not act in self-defense, and that this jury's finding that he did not act in self-defense must therefore necessarily have been based on an improper statement by the prosecutor. We have already reviewed the

6

issue of the prosecutor's statement and determined that it did not deprive Ramirez of a fair trial. As for the evidence itself, as we stated in our notice, there was sufficient evidence from which a reasonable juror could have determined that Ramirez did not act in self-defense, and this Court will not reweigh the evidence or assess the credibility of the witnesses on appeal. *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses).

**Habitual Offender Enhancement**

Pursuant to *Franklin* and *Boyer*, Ramirez asserts that his sentence was improperly enhanced under NMSA 1978, Section 31-18-17 (2003) for a prior felony conviction that was more than ten years old. However, Section 31-18-17(D)(1) defines a "prior felony conviction" for the purpose of the habitual offender statute as "a conviction, when less than ten years have passed prior to the instant felony conviction since the person completed serving his sentence or period of probation or parole for the prior felony, whichever is later[.]" Therefore, the relevant time period is the date of the end of the sentence, probation, or parole for the prior conviction, not the date of the prior conviction itself. As Ramirez's memorandum in opposition concedes that he finished serving his period of parole within ten years of the conviction in this case [MIO 17], we find no error in the imposition of the habitual

offender enhancement.

**Cumulative Error**

Ramirez contends that the cumulative error at trial requires reversal in this case. [MIO 18] As we have determined that Ramirez has failed to demonstrate error, there is no cumulative error. *See State v. Aragon*, 1999-NMCA-060, ¶ 19, 127 N.M. 393, 981 P.2d 1211 (stating that where there is no showing of error, there can be no cumulative error).

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**