This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                               **No. A-1-CA-37487**

**NOLAN ARCHULETA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals from his convictions for aggravated burglary (based upon a battery) and larceny. [RP 124] In our notice of proposed disposition, we proposed to summarily affirm. [CN 1] Defendant filed a memorandum in opposition to this Court's notice of proposed disposition. We have given due consideration to the memorandum in opposition, and, remaining unpersuaded, we affirm Defendant's convictions.

**{2}** In his memorandum in opposition, Defendant continues to argue that there was insufficient evidence to support his conviction for aggravated burglary. [MIO 4] Defendant continues to challenge whether sufficient evidence was presented that he committed aggravated burglary based upon a battery, where there was no evidence that

the battery occurred while Defendant was inside or entering or leaving the trailer because the altercation took place at Defendant's car, after the burglary was complete. [MIO 4] In our calendar notice we proposed that there was sufficient evidence to convict Defendant of aggravated burglary, even though the altercation took place outside in the yard, not as Defendant was inside, entering, or leaving the structure in question. [CN 2-3, 5] We considered *State v. Romero*, 1994-NMCA-150, ¶¶ 6-19, 119 N.M. 195, 889 P.2d 230, where this Court applied a broad construction of "leaving" in the context of the aggravated burglary statute, NMSA 1978, § 30-6-14 (1963, amended 1995); and we proposed to reject Defendant's narrow interpretation of the battery elements of his conviction. [CN 5]

**{3}**     In his memorandum in opposition, Defendant asks us to reconsider our reliance on *Romero.* [MIO 5] Defendant also argues that *Romero* does not support a finding that he committed a battery while leaving the trailer he burglarized. [MIO 5] Defendant asserts that he had already "committed burglary when his brother . . . confronted him about the theft. [Defendant] was not leaving the trailer when [the victim] confronted him about the burglary that he had just witnessed." [MIO 6]  However, Defendant also notes that the victim "arrived on the premises and saw his brother, [Defendant], taking items out of the trailer and placing them in hiscar[.]" [MIO 1]

**{4}**     We are disinclined to adopt Defendant's constrained reading of *Romero.* Defendant's arguments too narrowly circumscribe the elements of aggravated burglary, especially the definitions of "leaving" and "such place." Defendant acknowledges that the aggravated burglary statute is "aimed at protecting people from physical injuries sustained during burglaries[.]" [MIO 6-7 (citing *State v. Swick*, 2012-NMSC-018, 279 P.3d 747)] Based on the foregoing, we hold that there was sufficient evidence to support Defendant's conviction for aggravated burglary (based upon a battery).

**{5}**     As he did in his docketing statement, Defendant additionally argues in his memorandum in opposition that there is insufficient evidence to support his larceny conviction because the evidence showed that although Defendant initially placed items in his vehicle worth more than five hundred dollars, he only deprived the victim of two propane tanks worth forty dollars (and tools of an undetermined value), because Defendant left the remainder of the items in the yard. [MIO 9] Defendant's memorandum in opposition focuses on Defendant's intent, arguing now that the State did not establish that Defendant intended to permanently deprive the victim of all the items that he removed from the trailer because he left the items on the ground. However, the jury was entitled to infer Defendant's intent from the facts and circumstances of the case. *State v. Roybal,* 1960-NMSC-012, ¶ 6, 66 N.M. 416, 349 P.2d 332 ("While intent is essential and must be established in larceny cases, it may be inferred by the jury from the facts and circumstances established at the trial."); *see also State ex rel. Huning v. Los Chavez Zoning Comm'n*, 1982-NMSC-024, ¶ 7, 97 N.M. 472, 641 P.2d 503 ("Circumstantial evidence of intent is sufficient . . . if it can be said that it amounts to substantial evidence."). Further, we addressed this argument in our calendar notice, noting that larceny "does not require that property be moved a far distance from where it was kept or placed by the owner, only that it was moved from its owner-placed location with the

intent to permanently deprive." [CN 6] *See State v. Clark*, 2000-NMCA-052, ¶ 13, 129 N.M. 194, 3 P.3d 689 (describing the common-law asportation requirement as not a literal "carrying away," but moving, by available means, any number of things (internal quotation marks and citation omitted)); *see also* UJI 14-1601 NMRA; UJI 14-1603 NMRA.

**{6}** Defendant has not asserted any fact, law, or argument that persuades us that our analysis of the elements of larceny was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{7}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

**{8}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**